UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT DUFUR,

       Plaintiff,

v.

CREDIT ONE BANK, N.A.,

       Defendant.
_____/

**COMPLAINT**
**JURY DEMAND**

1. Plaintiff, ROBERT DUFUR, alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* ("TCPA"). Plaintiff alleges that Defendant unlawfully called Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §1331. *See Mims v. Arrow Fin. Servs. LLC,* 132 S. Ct. 740 (U.S. 2012); 2012 U.S. LEXIS 906 (U.S. 2012). Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

**PARTIES**

3. Plaintiff, ROBERT DUFUR (hereinafter, "Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Sarasota County, Florida.

4. Defendant, CREDIT ONE BANK, N.A. (hereinafter "Defendant"), is a Nevada corporation with its principle place of business located at 585 Pilot Road, Las Vegas, Nevada 89119.

5. Defendant is one of America's leading issuers of VISA and MasterCard credit cards.

6. Defendant regularly uses the telephone in an effort to collect debts.

## FACTUAL ALLEGATIONS SPECIFIC TO MR. DUFUR

7. Beginning sometime in November of 2014 Defendant began calling Plaintiff on his cellular telephone in an attempt to collect an alleged credit card debt owed by his spouse.

8. On or about December 29, 2014, Plaintiff revoked consent to be called on his cellular telephone with regard to the aforementioned debt.

9. Again on or about March 12, 2015, Plaintiff revoked consent to be called on his cellular telephone with regard to the aforementioned debt.

10. On or about April 8, 2015, Plaintiff revoked consent to be called on his cellular telephone regarding the aforementioned debt for a third time.

11. Despite the fact that Plaintiff's cellular telephone is a registered "Do Not Call" telephone and that Plaintiff attempted multiple times to revoke consent, Defendant continued to place calls to Plaintiff's cellular telephone.

12. Defendant used an automatic telephone dialing system or a pre- recorded or artificial voice when placing said calls to Plaintiff's cellular telephone.

13. When answering the calls, Plaintiff was greeted by a noticeable period of "dead air" while the Defendant's telephone system attempted to connect the Plaintiff to a live telephone employee.

14. Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention, which the FCC has opined is the hallmark of an automatic telephone dialing system. *See In the Matter of Rules & Regulations Implementing the*

*Telephone Consumer Protection Act of 2008, 23 F.C.C.R. 559, 565-66 (2008); In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act o 1991, 18 F.C.C.R. 14014, 14091-92 (2003).*

15. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(a).

16. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

17. Plaintiff incorporates Paragraphs 1 through 16.

18. Defendant placed non- emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or a pre- recorded or artificial voice in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

(a) $500.00 dollars in statutory damages for each violation of the TCPA over the last four years;

(b) $1,500.00 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

(c) a declaration that Defendant's calls violate the TCPA;

(d) a permanent injunction prohibiting Defendant from placing non- emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre- recorded or artificial voice;

(e) litigation expenses and costs of the instant lawsuit; and

  (f) such further relief as this Court may deem appropriate.

## **JURY DEMAND**

Plaintiff demands trial by jury.

        Respectfully submitted,

        By:/s/ *Christopher Legg*
        Christopher Legg, Esq.
        *Attorney for Plaintiff*
        Florida Bar No. 44460

        CHRISTOPHER W. LEGG, P.A.
        3837 Hollywood Blvd., Ste. B
        Hollywood, FL 33021
        Telephone: 954-962-2333
        Facsimile: 954-927-2451
        ChrisLeggLaw@gmail.com